# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

LANDMARK LEGAL FOUNDATION
19415 Deerfield Ave, Ste 312
Leesburg, VA 20176

       Plaintiff,

vs.

DEPARTMENT OF LABOR
200 Constitution Ave., NW
Washington, DC 20210

       Defendant.

Case No. _____

## COMPLAINT
### (COMPLAINT FOR DECLARATORY RELIEF)

Plaintiff Landmark Legal Foundation ("Landmark"), by and through undersigned counsel, brings this action against the U.S. Department of Labor ("DOL") under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552 *et seq.*, seeking declaratory and other relief to enjoin the DOL to expeditiously produce requested documents.

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and § 552(a)(6)(c)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff Landmark Legal Foundation is a nonprofit organization created under the laws of Missouri with offices in Leesburg, Virginia and Kansas City, Missouri.

4. Landmark is a national public interest law firm committed to preserving the principles of limited and ethical government, separation of powers, federalism, strict construction of the Constitution and individual rights.  Among Landmark's primary activities is the dissemination of information to the public about the conduct of governmental agencies and public officials that runs afoul of constitutional limits or ethical standards.

5. Defendant DOL is a federal agency of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).  DOL's headquarters are located at 200 Constitution Ave, NW, Washington, D.C.

## LANDMARK'S FOIA REQUESTS

*Request for records related to private communication services for the conduct of official DOL business*

6. On July 15, 2013, Plaintiff submitted a Freedom of Information Act request seeking records related to the use of private communication services for the conduct of official business by political appointees and other senior officials at DOL.  (Exhibit 1, Landmark FOIA Request, attached hereto and incorporated herein by reference.)

7. Pursuant to 29 C.F.R. 70.19, Plaintiff submitted the Request to defendant DOL's FOIA Coordinator in the Office of the Assistant Secretary for Administration and Management, located in the DOL headquarters.  In addition, a copy of Landmark's Request was sent to the DOL Office of the Solicitor.  (Exhibit 2, FedEx Delivery Cover Sheet, attached hereto and incorporated herein by reference.)

8. DOL accepted delivery of Landmark's FOIA on July 16, 2013. (Exhibit 3, FedEx Delivery Confirmation, attached hereto and incorporated herein by reference.)

9. Plaintiff sought a waiver of search, review, and reproduction fees pursuant to the FOIA and DOL regulations under 5 U.S.C. § 552(a)(4)(A)(iii) and 29 C.F.R. 70.41.

10. Plaintiff also requested and is entitled to expedited processing of its request because it is an entity "primarily engaged in disseminating information" and has an "urgency to inform the public concerning actual or alleged Federal Government activity" under 5 U.S.C. § Section 552(a)(6)(E)(v)(ii); and 29 C.F.R. 70.25(d)(i)-(iv).

11. Having not received any response from DOL within the time required by 5 U.S.C. § 552(a)(6)(A)(i), Landmark wrote the DOL FOIA Coordinator on August 16, 2013 to inquire as to the status of the July 15, 2013 request. (Exhibit 4, Landmark August 16, 2013 letter, attached hereto and incorporated herein by reference.)

12. DOL received Landmark's August 16, 2013 letter on August 19, 2013. (Exhibit 5, FedEx Delivery Confirmation, attached hereto and incorporated herein by reference.)

13. As of the date of this Complaint, DOL has not responded to Landmark's FOIA request.

14. More than 20 days (excluding Saturdays, Sundays and legal holidays) have elapsed since Landmark's request was received by DOL.

15. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Landmark has exhausted all administrative remedies.

***Request for records related to alias email address for DOL political appointees***

16. On July 15, 2013, Plaintiff submitted a Freedom of Information Act request seeking records related to the use of alias email addresses for political appointees at DOL. (Exhibit 6, Landmark FOIA Request, attached hereto and incorporated herein by reference.)

17. Pursuant to 29 C.F.R. 70.19, Plaintiff submitted the Request to defendant DOL's FOIA Coordinator in the Office of the Assistant Secretary for Administration and Management, located in the DOL headquarters. In addition, a copy of Landmark's Request was sent to the DOL Office of the Solicitor. (Exhibit 7, FedEx Delivery Cover Sheet, attached hereto and incorporated herein by reference.)

18. DOL accepted delivery of Landmark's FOIA on July 16, 2013. (Exhibit 8, FedEx Delivery Confirmation, attached hereto and incorporated herein by reference.)

19. Plaintiff sought a waiver of search, review, and reproduction fees pursuant to the FOIA and DOL regulations under 5 U.S.C. § 552(a)(4)(A)(iii) and 29 C.F.R. 70.41.

20. Plaintiff also requested and is entitled to expedited processing of its request because it is an entity "primarily engaged in disseminating information" and has an "urgency to inform the public concerning actual or alleged Federal Government activity" under 5 U.S.C. § Section 552(a)(6)(E)(v)(ii); and 29 C.F.R. 70.25(d)(i)-(iv).

21. Having not received any response from DOL within the time required by 5 U.S.C. § 552(a)(6)(A)(i), Landmark wrote the DOL FOIA Coordinator on August 16, 2013 to inquire as to the status of the July 15, 2013 request. (Exhibit 4, Landmark August 16, 2013 letter, attached hereto and incorporated herein by reference.)

22. DOL received Landmark's August 16, 2013 letter on August 19, 2013. (Exhibit 5, FedEx Delivery Confirmation, attached hereto and incorporated herein by reference.)

23. As of the date of this Complaint, DOL has not responded to Landmark's FOIA request.

24. More than 20 days (excluding Saturdays, Sundays and legal holidays) have elapsed since Landmark's request was received by DOL.

## CAUSES OF ACTION

25. Defendant's failure to promptly make available the records sought by each of Landmark's FOIA requests violate the FOIA, 5 U.S.C. § 552(a)(3)(A), and defendant's corresponding regulations.

26. Defendant's failure to grant plaintiff's requests for fee waiver and expedited processing violate the FOIA, 5 U.S.C. § 552(a)(6)(E) and 29 C.F.R. 70.41 and 70.25(d)(i)-(iv).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter an immediate order directing DOL to preserve all records potentially responsive to Plaintiff's FOIA requests and prohibiting DOL, its employees, agents or representatives from transporting, concealing, removing, destroying or in any way tampering with records potentially responsive to Plaintiff's FOIA requests;

2. Enter its order declaring that the DOL:

    a. has wrongfully denied Landmark's requests for expedited processing;

    b. must immediately conduct an expedited search for records responsive to each of Landmark's FOIA requests; and

    c. must process and produce immediately all records responsive to each request;

3. Enter its order declaring that Plaintiff Landmark Legal Foundation qualifies as an entity "primarily engaged in disseminating information" for purposes of expedited processing under the FOIA; and

4. Award Plaintiff's costs and reasonable attorneys' fees incurred in this action; and

5. Grant such other relief as the Court may deem just and proper.

DATED: September 26, 2013          Respectfully Submitted,

<div style="text-align: right;">

s/ Michael J. O'Neill
Michael J. O'Neill (DC Bar 478669)
Landmark Legal Foundation
19415 Deerfield Ave
Suite 312
Leesburg, VA 20176
703-554-6100
703-554-6119 (facsimile)

</div>